IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mark D. Broach, et al.,

    Plaintiffs,

v.

City of Cincinnati, et al.,

    Defendants.

Case No. 1:02cv766

District Judge Michael H. Watson

## OPINION AND ORDER

Before the Court is the April 29, 2005 Motion of Defendants City of Cincinnati, Fire Chief Robert Wright, EMS Karen Snyder, District Chief EMS Michael Kappa, Assistant Fire Chief Christopher Corbett, Assistant Fire Chief Mose A. Demasi and Assistant File Chief Mike Kroeger (hereinafter collectively "Defendants") for Summary Judgment (Doc. 31). This motion is unopposed.

### A. FACTS

On August 8, 1999, former District Chief Calloway advised Defendant Kappa, Paramedic Coordinator for the City of Cincinnati Fire Department (hereinafter "CFD"), that the State of Ohio was missing Emergency Medical Services (hereinafter "EMS") certification records for over 200 firefighters from CFD. (Doc. 31, Exh. 4, ¶2) Calloway and Kappa worked together to resolve the certification issues. (Id.)

Beginning in August, 1999, the State of Ohio mailed renewal applications directly to each firefighter's home. (Id. ¶6) Moreover, prior to being mailed to their homes, renewal applications were mailed to CFD and then forwarded to individual firefighters at the appropriate fire stations. (Id. ¶5) Each individual firefighter was responsible for

completing the application and returning it to the State of Ohio. (Id.)

Approximately 50 CFD firefighters failed to timely return the renewal applications. (Id. ¶3-4) These firefighters were both Caucasian and African-American. (Id. ¶7) As the renewal applications were not timely returned, these firefighters had to challenge the State's reinstatement exam in order to get their Emergency Medical Technician (hereinafter "EMT") card recertified. (Id. ¶4) These firefighters were instructed to contact the State of Ohio to challenge the reinstatement exam. (Id. ¶7) The majority of the firefighters challenged the exam and were issued EMT cards. (Id.) Plaintiffs in this matter either did not challenge or failed the exam. (Id.) Some of the Plaintiffs filed a grievance which was denied. (Id.)

**B.   ANALYSIS**

Defendants argue they are entitled to summary judgment in this matter for a number of reasons. First, Defendants contend the Court lacks jurisdiction as Plaintiffs' claim relates to an administrative employment grievance. Moreover, Defendants asserts Plaintiffs' labor-management agreement with the City of Cincinnati provided a grievance procedure fo Plaintiffs. The Plaintiffs admit that they grieved the alleged claim. As such, Defendants maintain Plaintiffs are precluded from relitigating their grievance.

Second, Defendants argue Plaintiffs' claim is barred by the two-year statute of limitations, pursuant to 42 U.S.C. §1983. and the one-year statute of limitations for their state claims, pursuant to O.R.C. §2305.11.2.

Third, Defendants contend the evidence in this matter clearly demonstrates genuine issues of material fact do not exist with respect to Plaintiffs' First Amendment

and Equal Protection claims.

Fourth, Defendants maintain the evidence demonstrates Plaintiffs do not have either a constitutionally-protected liberty or property interest in EMT certification. Further, assuming they did, Defendants contend Plaintiffs were provided all the process which was due.

Fifth, Defendants assert, based on the evidence, they are entitled to qualified immunity as Plaintiffs have not, and cannot, plead and prove specific nonconclusory allegations the individual defendants acted with malice and intent to harm Plaintiffs. Similarly, Defendants contend the record supports a finding they are entitled to immunity from suit for the Ohio state law claims. The record is devoid of any evidence the individual defendants acted with a malicious purpose, in bad faith, or in a wanton and reckless manner.

Finally, Defendants argue the Plaintiffs are unable to establish either a federal claim stated against the City of Cincinnati or any state law claim against the Defendants upon which relief can be granted.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for

summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The mere existence of a scintilla of evidence to support the non-moving party's position will be insufficient; the evidence must be sufficient for a jury to reasonably find in favor of the non-moving party. *Id.* at 252.

Upon review, Defendants have established their burden of showing an absence of evidence to support Plaintiffs' claims. As such, Plaintiff, unable to rest on their pleadings, must present significant probative evidence in support of their claims in order to defeats Defendants' Motion for Summary Judgment. As stated above, Plaintiffs have not opposed this motion. Therefore, they have failed to present any evidence outside the allegations set forth in the pleadings in support of their claims. Thus, there is no genuine issue as to any material fact and Defendants are entitled to a judgment as a matter of law.

Accordingly, the April 29, 2005 Motion of Defendants for Summary Judgment (Doc. 31) is hereby **GRANTED**.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT